IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.

EDWARD NEWTON
CHRISTOPHER MAYES
  and
CHRISTIAN PANTAZONIS

INDICTMENT

5:19cr84/RH

Returned in open court pursuant to Rule 6(f)

Date Nov. 19, 2019

United States Magistrate Judge

THE GRAND JURY CHARGES:

## A. INTRODUCTION

At all times material to this Indictment:

1. On or about October 10, 2018, Hurricane Michael made landfall in Panama City, Florida, and adjacent areas. Hurricane Michael caused devastating damage to the homes of individuals living in and around the Panama City area. In the weeks following Hurricane Michael, numerous construction contractors came to the Panama City area offering repair, roofing, and reconstruction services.

2. Between on or about April 1, 2018, and on or about June 30, 2019, **EDWARD NEWTON** owned and operated Newton Remodeling, Inc. ("Newton Remodeling") and Statewide Marketing, LLC ("Statewide Marketing"). Both businesses conducted business in the State of Florida. Newton Remodeling operated as a construction contracting business. Statewide Marketing acquired

construction contracts on behalf of Newton Remodeling. Advertisements for Newton Remodeling stated that it was "powered by" Statewide Marketing.

3. On or about October 30, 2018, Newton Remodeling registered with the Builder Services Division in Panama City and Bay County, Florida, in order to conduct business in Panama City and the Bay County, Florida area.

4. Newton Remodeling maintained an account at Regions Bank with an account number ending in 7183, with an address of 17265 Raintree Rd., Lutz, Florida. Statewide Marketing maintained a separate bank account at Regions Bank with an account number ending in 6103, with an address of 12897 62nd Street, Largo, Florida. Statewide Marketing maintained a bank account at Suncoast Bank with an account number ending in 4923. **EDWARD NEWTON** was a signatory on all of the bank accounts.

5. By in or about November 2018, Newton Remodeling and Statewide Marketing began doing business in the Panama City, Florida area. Statewide Marketing employed **CHRISTOPHER MAYES, CHRISTIAN PANTAZONIS,** and J.L. to acquire construction contracts for Newton Remodeling.

## B. THE CHARGE

Between on or about December 1, 2018, and on or about June 30, 2019, in the Northern District of Florida and elsewhere, the defendants,

**EDWARD NEWTON,
CHRISTOPHER MAYES,
and
CHRISTIAN PANTAZONIS,**

did knowingly and willfully combine, conspire, confederate, and agree together and with other persons to devise, and intend to devise, a scheme to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, and to cause wire communications to be transmitted in interstate commerce for the purpose of executing such scheme, in violation of Title 18, United States Code, Section 1343.

## C. MANNER AND MEANS

The manner and means by which this conspiracy was committed included the following:

1. Between on or about December 1, 2018, and on or about June 30, 2019, within the Northern District of Florida and elsewhere, **CHRISTOPHER MAYES, CHRISTIAN PANTAZONIS**, and J.L., while working for Statewide Marketing, traveled door-to-door to solicit owners of damaged residences

3

("homeowners") to hire Newton Remodeling to perform repair and construction services.

2. **CHRISTOPHER MAYES, CHRISTIAN PANTAZONIS**, and J.L. presented "Installment Agreement and Details" contracts to the homeowners falsely representing the work to be performed by Newton Remodeling, which often included roof replacement and major interior repair, and the price the homeowner was required to pay for completion of the work.

3. **CHRISTOPHER MAYES, CHRISTIAN PANTAZONIS**, and J.L. fraudulently induced homeowners to make partial down payments in order to secure the immediate repair and construction services they falsely represented Newton Remodeling would complete. They falsely represented that the down payments were necessary to secure building materials, building permits, or place the homeowner at the front of the line for repair and construction services. As a result of these material false representations, the homeowners were induced to make thousands of dollars in down payments to Statewide Marketing and Newton Remodeling for repair and construction services that were never completed.

4. The down payments and other funds acquired from the homeowners as a result of these false representations made by **CHRISTOPHER MAYES, CHRISTIAN PANTAZONIS**, and J.L., were deposited into the bank accounts

located at Regions Bank and Suncoast Bank that were controlled by **EDWARD NEWTON**.

5. After a homeowner signed a contract and money was secured from the homeowner, **EDWARD NEWTON** met each homeowner in person or spoke to the homeowner by telephone. **NEWTON, CHRISTOPHER MAYES, CHRISTIAN PANTAZONIS**, and J.L, falsely represented to the homeowners that Newton Remodeling was qualified to do the repairs and reconstruction on their respective homes. They also falsely represented to the homeowners that work would begin immediately. To fraudulently induce homeowners to pay additional money for repairs, and to cause them to believe work on their homes was beginning and would continue, the defendants sometimes sent workers to complete small projects such as removing damaged drywall or replacing shingles. As a result of this fraudulent inducement, homeowners paid additional money to secure continued work on their homes. In truth and fact, as the defendants well knew, work was not being performed as promised and no repair and construction projects were being completed.

6. As time passed and homeowners began to complain that little or no work was performed as represented in exchange for money paid, **EDWARD NEWTON** falsely represented to homeowners in writing or by telephone that he would return the money he collected for the work never performed. Instead, on or

about May 25, 2019, **NEWTON** sent each homeowner a letter stating that he did not intend to complete any of the work he had contracted to perform and did not return any of the money he collected for the promised repair work.

7. As a result of the fraudulent representations made by defendants **EDWARD NEWTON, CHRISTOPHER MAYES**, and **CHRISTIAN PANTAZONIS**, the defendants obtained and attempted to obtain approximately $319,000 for their own use and for the use of others not entitled thereto.

All in violation of Title 18, United States Code, Section 1349.

## **COUNTS TWO THROUGH SIXTEEN**

### A. INTRODUCTION

The allegations of Count One are hereby realleged and incorporated by reference as if fully set forth herein.

### B. THE CHARGE

On or about the following dates, in the Northern District of Florida and elsewhere, the defendants,

**EDWARD NEWTON,
CHRISTOPHER MAYES,
and
CHRISTIAN PANTAZONIS,**

for the purpose of executing this scheme to defraud, caused the following wire communications to be transmitted in interstate commerce:

| COUNT | DATE | DESCRIPTION |
|---|---|---|
| TWO | December 5, 2018 | Deposit of approximately $71,705.36 into Suncoast Account ending in 4923. |
| THREE | December 11, 2018 | Deposit of approximately $2,839.57 into Suncoast Account ending in 4923. |
| FOUR | December 19, 2018 | Deposit of approximately $16,748.48 into Regions Bank account ending in 6103. |
| FIVE | January 2, 2019 | Deposit of approximately $15,731.43 into Regions Bank account ending in 6103. |
| SIX | January 4, 2019 | Deposit of approximately $15,731.43 into Regions Bank account ending in 6103. |
| SEVEN | January 30, 2019 | Deposit of $8,875 into Regions Bank account ending in 6103. |
| EIGHT | February 5, 2019 | Deposit of approximately $28,560 into Regions Bank account ending in 6103. |
| NINE | February 14, 2019 | Deposit of approximately $39,100 into Regions Bank account ending in 6103. |
| TEN | February 21, 2019 | Deposit of approximately $4,200 into Regions Bank account ending in 6103. |
| ELEVEN | February 26, 2019 | Credit Card charge of $7,443.650 on Chase credit card ending in 8000. |
| TWELVE | April 1, 2019 | Deposit of approximately $9,183.83 into Regions Bank account ending in 6103. |
| THIRTEEN | April 10, 2019 | Deposit of approximately $13,845.53 into Regions Bank account ending in 6103. |
| FOURTEEN | April 17, 2019 | Text message sent to J.S. containing an "Installment Agreement and Details." |
| FIFTEEN | April 19, 2019 | Deposit of approximately $56,835 into Regions Bank account ending in 6103. |
| SIXTEEN | April 19, 2019 | Deposit of approximately $47,000 into Regions Bank account ending in 6103. |

In violation of Title 18, United States Code, Sections 1343 and 2.

## CRIMINAL FORFEITURE

The allegations contained in Counts One through Sixteen of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

From their engagement in the violations alleged in Counts One through Sixteen, the defendants,

**EDWARD NEWTON,**
**CHRISTOPHER MAYES,**
**and**
**CHRISTIAN PANTAZONIS,**

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any and all of the defendants' right, title, and interest in any property, real and personal, that constitutes or is derived from gross proceeds traceable to the commission of such offenses.

If any of the property described above as being subject to forfeiture, as a result of acts or omissions of the defendants:

    i.    cannot be located upon the exercise of due diligence;

    ii.    has been transferred, sold to, or deposited with a third party;

    iii.    has been placed beyond the jurisdiction of this Court;

iv. has been substantially diminished in value; or

v. has been commingled with other property that cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c), and Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property.

A TRUE BILL:

███████████████
FOREPERSON

11/19/2019
DATE

_____
LAWRENCE KEEFE
United States Attorney

_____
AINE AHMED
Assistant United States Attorney